NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOU XIONG, next friend for V.L; V.L., on their own behalf and on behalf of others similarly-situated,<br><br>        Petitioners - Appellants,<br><br>  v.<br><br>ALAN P. BORJA, Colonel, in his official capacity as Warden of the Guam Department of Corrections, Hagatna Detention Facility; SERGIO ALBARRAN, in his official capacity as Field Office Director of U.S. Immigration and Customs Enforcement,<br><br>        Respondents - Appellees. | No. 25-3656<br><br>D.C. No.<br>1:25-cv-00026<br><br>MEMORANDUM* |

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted February 12, 2026**
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioners appeal the dismissal of a habeas petition challenging petitioner V.L.'s removal from the United States by immigration authorities and class action complaint. The district court determined that it lacked subject matter jurisdiction over the case and dismissed on that ground. We have jurisdiction to review this appeal under 28 U.S.C. § 1291. As the district court correctly determined that it lacked jurisdiction, citing 8 U.S.C. § 1252(g), we affirm.

Petitioner V.L., a Laotian native, was detained and set to be lawfully removed pursuant to a final order of removal entered against him. He now contends, however, that he and others similarly situated can challenge their removal through a habeas petition, citing the President's March 2025 executive order invoking the Alien Enemies Act (AEA) to detain and remove Venezuelan nationals who the executive branch determined were part of Tren De Aragua. *See Trump v. J.G.G.*, 604 U.S. 670, 671 (2025). Habeas petitions are the appropriate method to challenge AEA removals, *id.* at 672, but they are not a valid basis to challenge the execution of a removal order under the Immigration and Nationality Act (INA) as 8 U.S.C. § 1252(g) strips federal courts of jurisdiction to hear claims outside of the INA's petition for review process.

V.L. is being removed pursuant to a final order of removal under the INA, not the AEA. The relevant presidential proclamation invoking the AEA applies only to a subset of Venezuelan nationals, not Laotian nationals like V.L. *See generally*

Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua, Proclamation No. 10903, 90 Fed. Reg. 13033 (Mar. 15, 2025). As such, the habeas claim is a challenge to the execution of a final order of removal outside of the INA's petition for review process. Federal district courts are statutorily stripped of jurisdiction to hear that claim. 8 U.S.C. § 1252(g).

**AFFIRMED.**